IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| APRIL SCARLOTT | § § § | |
| v. | § § § | Civil Action No. 4:10−cv−04865 |
| NISSAN NORTH AMERICA, INC., NISSAN MOTOR ACCEPTANCE CORP., CLEAR LAKE NISSAN, and HURRICANE GLASS, | § § § § § § | |

**PLAINTIFF'S BRIEF EXPLAINING HOW
A HOLDER IN DUE COURSE IS LIABLE FOR A DEFECT IN EQUIPMENT**

16 C.F.R. § 433.2, the so-called Holder Rule, (1) abrogated the holder in due course rule in consumer credit transactions, and (2) requires all consumer installment contracts to contain the following provision:

> NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

16 C.F.R. § 433.2.

"In adopting this rule, the FTC determined that a consumer credit transaction, which separated the consumer's duty to pay from the seller's duty to fulfill his obligations, constituted an unfair and deceptive practice.[1] The rule was aimed primarily at situations in which a seller executed a credit contract and then assigned the contract to a credit company which took it free and clear of any claims and defenses the buyer had against the seller.[2] The creditor's status as a holder in due course operated

---
[1] *Statement of Basis and Purpose,* 40 Fed.Reg. 53,506, 53,522 (1975).
[2] *Guidelines on Trade Regulation Rule Concerning Preservation of Consumers' Claims and Defenses,* 41 Fed.Reg. 20,022, 20,023 (1976).

to cut off claims and defenses such as breach of contract, breach of warranty, misrepresentation, or fraud on the part of the seller." *Home Sav. Ass'n v. Guerra*, 733 S.W.2d 134, 135 (Tex. 1987); 40 Fed. Reg. at 53,522.

"The reciprocal duties of the buyer and seller which were mutually dependent under ordinary contract law became independent of one another. Thus, the buyer's duty to pay the creditor was not excused upon the seller's failure to perform. In abrogating the holder in due course rule in consumer credit transactions, the FTC preserved the consumer's claims and defenses against the creditor-assignee. The FTC rule was therefore designed to reallocate the cost of seller misconduct to the creditor. The commission felt the creditor was in a better position to absorb the loss or recover the cost from the guilty party-the seller." 733 S.W.2d at 135 (Tex. 1987). "In explaining the mechanics of the rule, the FTC's Bureau of Consumer Protection stated:

\*   \*   \*

The Rule does apply to all claims or defenses connected with the transaction, whether in tort or contract. When, under state law, a consumer would have a tort claim against the seller that would defeat a seller's right to further payments or allow the consumer to recover affirmatively, this claim is preserved against the holder. *This is, of course, subject to the limitation of recovery under this Rule to the amounts paid in.*"

733 S.W.2d at 135-36 (Tex. 1987), *citing* 41 Fed.Reg. at 20,023-24 (emphasis added).

As holder of Ms. Scarlott's consumer credit contract,[3] NMAC is subject to all claims and defenses which Ms. Scarlott could assert against NNA and Clear Lake Nissan, as the sellers of the car and service contracts obtained pursuant to the proceeds of the retail installment contract. (Document 1-11 ¶28).[4]

Ms. Scarlott tells the Court that she is a travel agent with no other car who has attended college but holds no degrees.

---

[3] Ms. Scarlott's contract contains the required notice and is attached as Exhibit A.
[4] These NNA service contracts were financed through the retail installment contract.

Dated: January 5, 2011.

        s/ Noah D. Radbil_____
        Noah D. Radbil
        Texas Bar No. 24071015
        Southern District Bar No. 1069583
        WEISBERG & MEYERS, LLC
        1200 Smith Street
        16th Floor
        Houston, TX 77002
        (888) 595-9111 ext. 275
        (866) 565-1327 (fax)
        *Attorney- in- Charge for the Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on January 5, 2011, the foregoing was filed through the Court's EM/ECF system and was served upon all attorneys to be noticed.

Giovanna Tarantino Bingham
Hartline Dacus et al.
6688 N Central Expressway
Ste 1000
Dallas, TX 75206
214-346-3784
Fax: 214-267-4284
Email: gtarantino@hdbdk.com

Jeffrey S Patterson
Hartline Dacus et al.
6688 N Central Expressway
Ste. 1000
Dallas, TX 75206
214-369-3701
Fax: 214-369-2118
Email: jpatterson@hdbdk.com

Paul F Schuster
Locke Lord et al.
2200 Ross Ave
Ste. 2200
Dallas, TX 75201-6776
214-740-8536
Email: pschuster@lockeliddell.com

Christopher Michael Boeck
Locke Lord et al.
2200 Ross Ave
Ste. 2200
Dallas, TX 75201
214-740-8482
Email: cboeck@lockelord.com

Daniel C Pappas
Attorney at Law
4615 S W Fwy
Ste. 600
Houston, TX 77027
713-621-5222
Fax: 713-621-7094
Email: dcp@dcplaw.net