# Hurricane Auto Care & Accessories, Inc.

11000 Gulf Freeway * Houston, TX 77034 * (713)941-7561(O)

Date:       March 08, 2011

Ref:        Civil Action No. 4:10-cv-04865

To Whom it May Concern:

Please file and enter.

L • N • 11

USDJ

Answer

     I would like to make it know that this letter serves the purpose of answering the complaint filed against Hurricane Auto Care & Accessories, Inc. and served to us on Friday, February 25, 2011. First, I would like to take the opportunity to address specifically Count VI of Civil Action No. 4:10-cv-04865 paragraph 104 which states that the conduct of Hurricane Auto Care & Accessories constituted "gross negligence", by definition it is claimed that Hurricane Auto Care & Accessories " intentionally failed to perform a duty in reckless disregard of the consequences as affecting the life or property of another." Hurricane Auto Care & Accessories has never and will never intentionally or knowingly perform service to an automobile that would negatively affect the life or property of one of our valued customers. The basis of our business is customer satisfaction and for those customers to return and recommend our company to their friends and family. To suggest otherwise would be highly erroneous. Secondly, the mirror that was installed in Mrs. Scarlott's vehicle was obtained from a manufacturer that has been in business since 1974. We have used this manufacturer countless times and have never had an issue such as this nor have we been made aware for an issue such as this. We firmly stand by our manufacturer and their reputation for quality merchandise.

     In October 2009 Nissan diagnosed a "draw on battery" and "found aftermarket rear view mirror causing draw" a person who represented himself as Mrs. Scarlott's attorney brought the vehicle into our shop and asked us to check the mirror for defects. As requested we did check the functions of the mirror and the installation to ensure all instructions and procedures where followed. They had been followed according to the manufacturers wiring diagram and the mirror was in expected working order. I have included this diagram to show that the mirror was installed correctly. After it was established that the mirror Hurricane Auto Care & Accessories had installed in Mrs. Scarlott's vehicle was installed correctly and, as far as we could see, free of defects the person know to us as Mrs. Scarlott's attorney left with the vehicle. We were not contacted any further until June 14, 2010 when we were served a "Notice of Intent to Seek Non-Party Discovery From Hurricane Auto Care & Accessories" which is Cause No. 2009-67488 on June 14, 2010. I am at a loss as to why after three years and numerous diagnostic tests by Nissan that we were never notified of any electrical problems with a product we installed. As with any product we install or any service we perform, this application was under warranty. As with any product you purchase under warranty it must be made known that there is an issue and those responsible for honoring the warranty must be given a reasonable opportunity to correct the problem. This was not the case in regards to this situation. Again, I stress the fact that aside from this notice and when Mrs. Scarlott's attorney visited our shop Hurricane Auto Care & Accessories had no knowledge of any electrical issues that may or may not have originated from the

installation of a mirror that was installed nearly three(3) years earlier.

As for whether or not the actual product we installed is still in Mrs. Scarlott's vehicle I can not say. Hurricane Auto Care & Accessories did not replace the mirror nor did we perform any repairs on the mirror. If Nissan took upon themselves to take the vehicle to another company to be repaired or replaced I must state any warranty that was in place with this company and the manufacturer is void. At this point we do not know what became of the mirror, for testing purposes, nor do we know if any final repairs were made to the mirror. Regardless, Hurricane Auto Care & Accessories did not regain possession of the mirror, nor notified of any continuing electrical problems leading us to believe the mirror was defective.

Another issue I find curious is that if Nissan did find that the mirror was to blame for all of the hassle Mrs. Scarlott had to endure and all the expense of repeated returns to be serviced, why have they never demanded their money back for a supposed faulty device. They have never contacted Hurricane Auto Care & Accessories to test the product, repair/replace the product, uphold a warranty for the product or refund the cost of the alleged defective product.

It is for the reasons stated in this letter that we, Hurricane Auto Care & Accessories, do not feel that we are responsible, nor should we be held responsible, for any monetary, mental or emotional stress Mrs. Scarlott endured.

Yours respectfully,

Srinivas Gogineni
Hurricane Auto Care & Accessories