# EXHIBIT "B"

# BUYER'S ORDER AND INVOICE

**SELLER:**
CLEAR LAKE NISSAN

2150 GULF FREEWAY SOUTH

LEAGUE CIT TX 77573

(281)557-5300

**BUYER NAME(S):** APRIL C SCARLOTT
**ADDRESS:** 4738 CAVERN DR
**CITY:** FRIENDSWOOD
**COUNTY:**
**EMAIL:**
**STATE:** TX  **ZIP:** 77546
**HOME PHONE:** (281)461-1000
**WORK PHONE:** (281)461-1000
**CELL PHONE:**

| YEAR | MAKE | MODEL | MILEAGE | COLOR | KEY CODE | STOCK NO. |
|---|---|---|---|---|---|---|
| 2006 | NISSAN | MURANO | 324 | GLACIER PEARL | 0075 | 6W410083 |

**VIN:** JN8AZ08T36W410083   X☒ NEW  ☐ USED  ☐ DEMO
**SALESPERSON:** MY QUOC NGUYEN
**SALESPERSON:**
**DATE:** 12/26/2006

**TRADE #1 AND PAYOFF INFORMATION**

YR  MAKE  MODEL
COLOR  MILES
VIN
LIENHOLDER
ADDRESS
CITY,STATE,ZIP
ACCT#
PAY OFF AMOUNT  GOOD UNTIL

**TRADE #2 AND PAYOFF INFORMATION**

YR  MAKE  MODEL
COLOR  MILES
VIN
LIENHOLDER
ADDRESS
CITY,STATE,ZIP
ACCT#
PAY OFF AMOUNT  GOOD UNTIL

| | |
|---|---|
| SALE PRICE OF VEHICLE | 31881.00 |
| NON-FACTORY INSTALLED EQUIPMENT | N/A |
| ETCH PRO | 299.00 |
| | N/A |
| TOTAL SALES PRICE | 32180.00 |
| TRADE - IN ALLOWANCE | N/A |
| TRADE DIFFERENCE OR SALE PRICE | 32180.00 |
| STATE AND LOCAL SALES TAX 6.25 % | 2092.54 |
| OTHER ITEMS: SERVICE CONTRACT | 1430.00 |
| | N/A |
| | N/A |
| FEES: INSPECTION 21.75  TEMP. TAG | 21.75 |
| TITLE 33.00  RECORDING | 33.00 |
| HANDLING  LICENSE 75.80 | 75.80 |
| CONVENIENCE  TIRE | N/A |
| DOCUMENTARY FEE | 50.00 |
| BALANCE DUE ON TRADE IN | N/A |
| TOTAL CASH PRICE | 35883.09 |
| CASH DEPOSIT | N/A |
| CASH ON DELIVERY | 4000.00 |
| | N/A |
| TOTAL DOWN PAYMENT | 4000.00 |
| BALANCE TO BE FINANCED | 31883.09 |

**PURCHASE DRAFT/LIEN INFORMATION**
NISSAN MOTOR ACCEPTANCE CORP   **LIEN AMOUNT** 31883.09
**LIENHOLDER**
P.O. BOX 254648
**ADDRESS**
SACRAMENTO CA 95865-4648
**CITY,STATE,ZIP**
(800)456-6622
**PHONE NUMBER**     **ATTN:**

### DISCLAIMER OF WARRANTIES

Any warranties on the products sold hereby are those made by the manufacturer(s) of those products. The Seller hereby expressly disclaims all warranties, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and the Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products.

### NOTICE TO CREDIT BUYER

If this Buyer's Order and Invoice involves credit, this form shall be deemed an offer by Buyer(s) to the Seller to purchase the above described vehicle on credit, and an authorization for the Seller to secure any and all information from any source to determine the credit worthiness of the Buyer(s). No contractual relationship is created hereby and all disclosure required by the Federal Consumer Protection Act will be made prior to consummation of a credit transaction by Buyer's signature to an Installment Sale Contract.

**THE DEALER MAY BE PARTICIPATING IN FINANCE CHARGES ASSOCIATED WITH THE SALE.**

Buyer warrants title to the above described trade-in vehicle(s), and hereby assigns, sells and transfers said vehicle(s) and has the right to sell and deliver it to the above named Seller.

Buyer understands that the above listed payoff amount is an estimate. In the event the actual payoff amount is less, the Seller will refund the difference to the Buyer. Conversely, if the actual payoff amount is greater than the estimated payoff amount, the Buyer promises, unconditionally, to pay the difference in full, to the Seller within seven (7) days of notification. Furthermore, Buyer understands and agrees that Buyer is solely responsible for all taxes of any kind owing as a result of the purchase of said products. Buyer promises, unconditionally, to pay such tax within seven (7) days of notification. If either the deficiency in the lien payoff or taxes are not paid, a penalty of 5% or $25.00, whichever is greater, per month or any fraction thereof and interest on the balance owing at the rate of fifteen percent (15%) APR from the date of the Buyer's Order and Invoice will be charged until paid. Buyer further agrees to pay attorney's fees and court costs incurred by the Seller in enforcing the provisions hereof.

Buyer agrees that this Buyer's Order and Invoice includes all of the agreed terms and conditions on both the face and reverse side hereof. This Buyer's Order and Invoice cancels and supersedes any prior

A documentary fee is not an official fee. A documentary fee is not required by law, but may be charged to buyers for handling documents and performing services relating to the closing of a sale. A documentary fee may not exceed $50 for a motor vehicle contract or a reasonable amount

| ACCT# | | ACCT# | | | |
|---|---|---|---|---|---|
| PAY OFF AMOUNT | GOOD UNTIL | PAY OFF AMOUNT | GOOD UNTIL | TRADE DIFFERENCE OR SALE PRICE | 32180.00 |
| | | | | STATE AND LOCAL SALES TAX 6.25 % | 2092.54 |

**PURCHASE DRAFT/LIEN INFORMATION**

NISSAN MOTOR ACCEPTANCE CORP    LIEN AMOUNT   31883.09
LIENHOLDER
P.O. BOX 254648
ADDRESS
SACRAMENTO CA 95865-4648
CITY, STATE, ZIP
(800) 456-6622
PHONE NUMBER     ATTN:

| OTHER ITEMS | | |
|---|---|---|
| SERVICE CONTRACT | | 1430.00 |
| | | N/A |
| | | N/A |

| FEES | | | | |
|---|---|---|---|---|
| INSPECTION | 21.75 | TEMP. TAG | | 21.75 |
| TITLE | 33.00 | RECORDING | | 33.00 |
| HANDLING | | LICENSE | 75.80 | 75.80 |
| CONVENIENCE | | TIRE | | N/A |

### DISCLAIMER OF WARRANTIES

Any warranties on the products sold hereby are those made by the manufacturer(s) of those products. The Seller hereby expressly disclaims all warranties, either expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, and the Seller neither assumes nor authorizes any other person to assume for it any liability in connection with the sale of said products.

| | |
|---|---|
| DOCUMENTARY FEE | 50.00 |
| BALANCE DUE ON TRADE IN | N/A |
| TOTAL CASH PRICE | 35883.09 |
| CASH DEPOSIT | N/A |
| CASH ON DELIVERY | 4000.00 |
| | N/A |
| TOTAL DOWN PAYMENT | 4000.00 |
| BALANCE TO BE FINANCED | 31883.09 |

### NOTICE TO CREDIT BUYER

If this Buyer's Order and Invoice involves credit, this form shall be deemed an offer by Buyer(s) to the Seller to purchase the above described vehicle on credit, and an authorization for the Seller to secure any and all information from any sources to determine the credit worthiness of the Buyer(s). No contractual relationship is created hereby. Full disclosure required by the Federal Consumer Protection Act will be made prior to consummation of a credit transaction by Buyer's signature to an Installment Sale Contract.

**THE DEALER MAY BE PARTICIPATING IN FINANCE CHARGES ASSOCIATED WITH THE SALE.**

Buyer warrants title to the above described trade-in vehicle(s), and hereby assigns, sells and transfers said vehicle(s) and has the right to sell and deliver it to the above named Seller.

Buyer understands that the above listed payoff amount is an estimate. In the event the actual payoff amount is less, the Seller will refund the difference to the Buyer. Conversely, if the actual payoff amount is greater than the estimated payoff amount, the Buyer promises, unconditionally, to pay the difference in full, to the Seller within seven (7) days of notification. Furthermore, Buyer understands and agrees that Buyer is solely responsible for all taxes of any kind owing as a result of the purchase of said products. Buyer promises, unconditionally, to pay such tax within seven (7) days of notification. If either the deficiency in the lien payoff or taxes are not paid, a penalty of 5% or $25.00, whichever is greater, per month or any fraction thereof and interest on the balance owing at the rate of fifteen percent (15%) APR from the date of the Buyer's Order and Invoice will be charged until paid. Buyer further agrees to pay attorney's fees and court costs incurred by the Seller in enforcing the provisions hereof.

Buyer agrees that this Buyer's Order and Invoice includes all of the agreed terms and conditions on both the face and reverse side hereof. This Buyer's Order and Invoice cancels and supersedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby, and that THIS BUYER'S ORDER AND INVOICE SHALL NOT BECOME BINDING UNTIL ACCEPTED BY SELLER AND IN THE EVENT OF A TIME SALE, SELLER SHALL NOT BE OBLIGATED TO SELL THE VEHICLE UNTIL APPROVAL OF THE TERMS HEREOF IS GIVEN BY A BANK OR FINANCE COMPANY WILLING TO PURCHASE A RETAIL INSTALLMENT CONTRACT BETWEEN THE PARTIES HERETO BASED ON SUCH TERMS.

Buyer, by execution of this Buyer's Order and Invoice, confirms that the Buyer is 18 years of age or older and acknowledges that the Buyer has read the terms and conditions and has received a true copy.

The Buyer has read, understands and agrees to be bound by each of the provisions, covenants, stipulations and agreements set forth on both sides of this document.

A documentary fee is not an official fee. A documentary fee is not required by law, but may be charged to buyers for handling documents and performing services relating to the closing of a sale. A documentary fee may not exceed $50 for a motor vehicle contract or a reasonable amount agreed to by the parties for a heavy commercial vehicle contract. This notice is required by law.

The Dealer's Inventory Tax charge is intended to reimburse the dealer for ad valorem taxes on its motor vehicle inventory. The charge, which is paid by the dealer to the county tax assessor-collector, is not a tax imposed on the consumer by the government, and is not required to be charged by the dealer to the consumer.

| | | | | | |
|---|---|---|---|---|---|
| 12/26/2006 | | | | ACCEPTED BY | |
| BUYER'S SIGNATURE | DATE | CO-BUYER'S SIGNATURE | DATE | SELLER | DATE |

(Texas)            STD 4037-06

## ADDITIONAL TERMS AND CONDITIONS

1. As used in this Buyer's Order and Invoice (hereinafter referred to as "the Order"), the terms (a) "Seller" shall mean the authorized Dealer to whom this Order is addressed and who shall become a party hereto by its acceptance hereof, (b) "Buyer"(singular or plural if more than one) shall mean the party executing this Order as such on the face hereof, and (c) "Manufacturer" shall mean the Corporation that manufactured the vehicle, it being understood by Buyer and Seller that Seller is in no respect the agent of the Manufacturer, that Seller and Buyer are the sole parties to this Order and that reference to the Manufacturer herein is for the purpose of explaining generally certain contractual relationships existing between Seller and Manufacturer with respect to new motor vehicles.

2. It is understood and agreed that the Buyer is purchasing this motor vehicle based upon personal inspection, not relying upon any opinion, statement, promise, or representation of the salesperson, or other employees of Seller, that is not contained in the written agreements signed contemporaneously herewith.

3. The Buyer acknowledges he has made a careful inspection of the motor vehicle and is satisfied with its present appearance, physical condition and mechanical operation and that the motor vehicle may have accessories installed in or upon it that have not been manufactured and/or supplied by the manufacturer of the motor vehicle, which are not covered under the manufacturer's new car warranty, if any, and prior to closing this transaction, the Buyer has been provided with an opportunity to conduct such pre-purchase investigation into the current or prior condition of the vehicle and its prior ownership and use, through mechanics and other experts of Buyer's choosing.

4. Buyer agrees to deliver to Seller satisfactory evidence of title to any used motor vehicle traded in as a part of the consideration for the motor vehicle ordered hereunder at the time of delivery of such used motor vehicle to Seller. Buyer warrants any such used motor vehicle to be his property free and clear of all liens and encumbrances except as otherwise noted herein.

5. Seller shall have the right, upon failure or refusal of Buyer to accept delivery of the motor vehicle ordered hereunder and to comply with terms of this Order, to retain as liquidated damages any cash deposit made by Buyer, and, in the event a used motor vehicle has been traded in as a part of the consideration for the motor vehicle ordered hereunder, to sell such used motor vehicle and reimburse himself out of the proceeds of such sale for such expenses and losses as Seller may incur or suffer as a result of such failure or refusal by Buyer.

6. The Buyer acknowledges that he has been advised that the Seller profits from selling and providing goods and services, and that in the event the Buyer contemporaneously acquires goods or services supplied by or arranged through the Seller, in addition to the described motor vehicle, including, but not limited to: financing, insurance, extended service or repair agreements or additional or other vehicular accessories, that the charges to the Buyer by the Seller therefore include a profit margin for the Seller.

7. Seller shall not be liable for failure to deliver or delay in delivering the motor vehicle covered by the Order where such failure or delay is due, in whole or in part, to any cause beyond the control or without the fault or negligence of Seller.

8. The price for the motor vehicle specified on the face of this Order includes reimbursement for Federal Excise taxes, but does not include sales taxes, use taxes or occupational taxes based on sales volume, (federal, state or local) unless expressly so stated. Buyer assumes and agrees to pay, unless prohibited by law, any such sales, use or occupational taxes imposed on or applicable to the transaction covered by this Order, regardless of which party may have primary tax liability therefor.

9. If a charge for Credit Insurance is included in this Order, the provisions on Credit Insurance in any retail installment contract form subsequently executed between the parties hereto in conjunction with this Order shall be fully effective. If such insurance is unavailable or partly unavailable under the designated policy, the applicable portion of the charge for Credit Insurance specified herein, and the finance charge thereon, may be deducted from the Total Time Balance and credited to the Buyer. If such insurance does not become effective, notice thereof will be sent to the Buyer by the Seller and this Order and any retail installment contract executed in conjunction therewith shall otherwise remain fully effective.

10. There are no warranties, expressed or implied, made by the Seller herein, or the manufacturer, on the vehicle described on the face hereof except that in case of a new vehicle the printed new vehicle warranty delivered to Buyer with such vehicle shall apply and the same is hereby made a part hereof as though fully set forth herein. The new vehicle warranty is the only warranty applicable to such new vehicle and is expressly in lieu of all other warranties, expressed or implied, including any implied [illegible] by state law, if any, including all warranties against vices or defects or fitness for a particular purpose. This express waiver shall be considered a material and integral part of any sale which may hereafter be entered into between the parties covering the motor vehicle herein described. In the case of a used vehicle, the applicability of an existing Manufacturer's warranty thereon, if any, shall be determined solely by the terms of such warranty, and no warranty or representation is made as to the extent such vehicle has been used, regardless of the mileage shown on the odometer of said vehicle.

11. In connection with the sale of any used motor vehicle, the Buyer has been informed that the dealer disclaims all express or implied warranties and assurances of, and makes no representations, concerning, whether or not the subject motor vehicle is sold with the original engine, transmission, drive-train or any other component part thereof, or is of the same year of manufacture or of the same quality as that of the motor vehicle being sold.

12. If this Order is for a used motor vehicle, the information you see on the Federal Trade Commission window form for this vehicle is part of this Order. Information on the window form overrides any contrary provisions in this Order.

13. Any used motor vehicle sold to Buyer by Seller under this Order is sold at the time of delivery by Seller without any guarantee or warranty, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, as to its condition of any part hereof except as may be otherwise specifically provided in writing on the face of this Order or in a separate writing furnished to Buyer by Seller.

14. Buyer shall not be entitled to recover from dealer any consequential damages, damages to property, damages for loss of use, loss of time, loss of profits, or income, or any other incidental damages.

15. The Buyer, before or at the time of delivery of the motor

other vehicular accessories, that the charges to the Buyer by the Seller therefore include a profit margin for the Seller.

7. Seller shall not be liable for failure to deliver or delay in delivering the motor vehicle covered by the Order where such failure or delay is due, in whole or in part, to any cause beyond the control or without the fault or negligence of Seller.

8. The price for the motor vehicle specified on the face of this Order includes reimbursement for Federal Excise taxes, but does not include sales taxes, use taxes or occupational taxes based on sales volume, (federal, state or local) unless expressly so stated. Buyer assumes and agrees to pay, unless prohibited by law, any such sales, use or occupational taxes imposed on or applicable to the transaction covered by this Order, regardless of which party may have primary tax liability therefor.

9. If a charge for Credit Insurance is included in this Order, the provisions on Credit Insurance in any retail installment contract form subsequently executed between the parties hereto in conjunction with this Order shall be fully effective. If such insurance is unavailable or partly unavailable under the designated policy, the applicable portion of the charge for Credit Insurance specified herein, and the finance charge thereon, may be deducted from the Total Time Balance and credited to the Buyer. If such insurance does not become effective, notice thereof will be sent to the Buyer by the Seller and this Order and any retail installment contract executed in conjunction therewith shall otherwise remain fully effective.

10. There are no warranties, expressed or implied, made by the Seller herein, or the manufacturer, on the vehicle described on the face hereof except that in case of a new vehicle the printed new vehicle warranty delivered to Buyer with such vehicle shall apply and the same is hereby made a part hereof as though fully set forth herein. The new vehicle warranty is the only warranty applicable to such new vehicle and is expressly in lieu of all other warranties, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose. Buyer herein specifically waives the implied warranty provided for by state law, if any, including all warranties against vices or defects or fitness for a particular purpose. This express waiver shall be considered a material and integral part of any sale which may hereafter be entered into between the parties covering the motor vehicle herein described. In the case of a used vehicle, the applicability of an existing Manufacturer's warranty thereon, if any, shall be determined solely by the terms of such warranty, and no warranty or representation is made as to the extent such vehicle has been used, regardless of the mileage shown on the odometer of said vehicle.

11. In connection with the sale of any used motor vehicle, the Buyer has been informed that the dealer disclaims all express or implied warranties and assurances of, and makes no representations, concerning, whether or not the subject motor vehicle is sold with the original engine, transmission, drive-train or any other component part thereof, or is of the same year of manufacture or of the same quality as that of the motor vehicle being sold.

12. If this Order is for a used motor vehicle, the information you see on the Federal Trade Commission window form for this vehicle is part of this Order. Information on the window form overrides any contrary provisions in this Order.

13. Any used motor vehicle sold to Buyer by Seller under this Order is sold at the time of delivery by Seller without any guarantee or warranty, expressed or implied, including any implied warranty of merchantability or fitness for a particular purpose, as to its condition of any part hereof except as may be otherwise specifically provided in writing on the face of this Order or in a separate writing furnished to Buyer by Seller.

14. Buyer shall not be entitled to recover from dealer any consequential damages, damages to property, damages for loss of use, loss of time, loss of profits, or income, or any other incidental damages.

15. The Buyer, before or at the time of delivery of the motor vehicle covered by this Order, will execute such other forms of agreement or documents as may be required by the terms and conditions of payment indicated on the front of this Order.

16. **FACTORY WARRANTY:** ANY WARRANTY ON ANY NEW VEHICLE OR USED VEHICLE STILL SUBJECT TO A MANUFACTURER'S WARRANTY IS THAT MADE BY THE MANUFACTURER ONLY. THE SELLER HEREBY DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. USED VEHICLE WHETHER OR NOT SUBJECT TO MANUFACTURER'S WARRANTY: UNLESS A SEPARATE WRITTEN INSTRUMENT SHOWING THE TERMS OF ANY SELLER WARRANTY OR SERVICE CONTRACT IS FURNISHED BY SELLER TO BUYER, THIS VEHICLE IS SOLD "AS IS - NOT EXPRESSLY WARRANTED OR GUARANTEED:", AND THE SELLER HEREBY DISCLAIMS ALL WARRANTIES, EITHER EXPRESS OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

---

**NOTICE TO NEW VEHICLE OWNERS**

If you are unable to obtain the repair or correction of any defects in your new motor vehicle which are covered by the warranty on the vehicle, the Texas Motor Vehicle Commission may be able to assist you.

Section 3.04(h) of the Texas Motor Vehicle Commission Code (Article 4413(36), Vernon's Texas Civil Statutes), provides as follows: "(h) The owner of a motor vehicle or the owner's designated agent may make a complaint concerning defects in a motor vehicle which are covered by the manufacturer's or distributor's warranty agreement applicable to the vehicle. Such complaint must be made in writing to the applicable dealer, manufacturer, or distributor, and must specify the defects in the vehicle which are covered by the warranty. The owner may make further complaint by sending to the Commission a copy of the complaint. The Commission may hold a hearing on all unsatisfied complaints to determine whether there has been a violation of the Act."

Complaints involving new motor vehicle warranty repair problems should be in writing, stating the details of the complaint and should be sent to:

**TEXAS MOTOR VEHICLE COMMISSION
P.O. BOX 2293 • AUSTIN, TX 78768**